**In re Charles J. ANSPACH, Lorraine D. Anspach, a/k/a Loraine D. Anspach, Debtors.**

**Bankruptcy No. 79–02072T.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Oct. 27, 1980.

Alfred W. Crump, Jr., Reading, Pa., for debtors.

Raymond K. Hess, Reading, Pa., for American Bank and Trust Co. of Pennsylvania.

## MEMORANDUM AND ORDER

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

American Bank and Trust Company of Pennsylvania [hereinafter referred to as the Bank] has filed a pleading styled "Objections to Debtors' Claim of Exempt Property," objecting to the debtors' Schedule B–4 claims of exemption in real estate, their residence, totalling $15,000. The Bank alleges that the total dollar amount of valid encumbrances on that real estate exceeds the fair market value thereof, leaving no equity in the property for the debtors or for general creditors. For this reason, alleges the Bank, the debtors' claim of exemption should not be allowed. The debtors, although having filed no written answer, appeared at the hearing on the Bank's objections and contested the objections, but have taken no affirmative steps to avoid the Bank's liens.

For reasons hereinafter given, we conclude that the Bank's objections do not lie; therefore said objections shall be dismissed.[1]

---

**1.** This Memorandum and Order constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

Section 522(d) of the Bankruptcy Code (11 U.S.C. 522(d) (1979)) gives a debtor the right to exempt is "aggregate interest, not to exceed $7,500 in value, in real property . . . that the debtor . . . uses as a residence. . . ." The right to claim such an exemption is unconditional. *In re Riffle*, Bankr. No. 1–80–00233 (M.D.Pa. July 18, 1980). The claim of exemption itself in no way affects adversely the Bank's interest, if any, in the real estate involved.[2]

In order to effect and protect any claim of exemption in property allegedly subject to encumbrances, the debtor must move affirmatively to avoid any such lien pursuant to 11 U.S.C. 522(f). *In re Riffle, supra* at 2; *Knupp, Meyers and Hoffman v. Doyle*, Bankruptcy Adversary No. 80–0359G (E.D.Pa. September 29, 1980). *See also* 3 *Collier on Bankruptcy* ¶ 522.29 (15th ed. 1980).

Therefore, the debtors' claim of exemption shall stand and the Bank's objections thereto shall be and hereby are DISMISSED.

IT IS SO ORDERED.

---

**2.** The editors of *Collier on Bankruptcy* state: "The property claimed as exempt is exempt absent an objection by a party in interest." 3 *Collier on Bankruptcy* ʿ 522.26 (15th ed. 1980).

Perhaps, as a cautious litigator, the bank's counsel filed these objections, believing that its liens would be avoided by operation of law had it failed to object to the claim of exemption. However, we will not construe the Bankruptcy Code so as to permit the avoidance of an otherwise valid security interest without notice to the secured party and an opportunity for it to be heard.