In re Charles DiBONA and Raffaela Marge DiBona, Debtors.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff,

v.

Charles DiBONA and Raffeala Marge DiBona, Defendants.

In re Bruce HAYES, Debtor.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff,

v.

Bruce HAYES, Defendant.

In re William A. ROANE and Delores Roane, Debtors.

COMMONWEALTH of Pennsylvania STATE EMPLOYES' RETIREMENT FUND, Plaintiffs,

v.

William A. ROANE, Defendant.

Bankruptcy Nos. 80–02640G, 80–01782G and 80–0717G.

Adv. Nos. 80–0709G, 80–0710G and 80–0717G.

United States Bankruptcy Court, E. D. Pennsylvania.

Dec. 19, 1980.

See also, Bkrtcy., 8 B.R. 997; Bkrtcy., 9 B.R. 21.

John Swartz, Alan H. Gilbert, Philadelphia, Pa., for plaintiff, Federal Nat. Mortg. Ass'n and Com. of Pennsylvania Emp. Retirement Fund.

Mark Kaufman, Darby, Pa., for debtors/defendants, Charles DiBona and Raffeala Marge DiBona.

Leo Doyle, Philadelphia, Pa., Trustee.

Joseph S. U. Bodoff, Philadelphia, Pa., for debtor/defendant, Bruce Hayes.

Leonard P. Goldberger, Philadelphia, Pa., Trustee.

Thomas J. Turner, III, Philadelphia, Pa., for defendant.

Margaret Graham, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue common to each of the foregoing cases and raised by us *sua sponte*, is whether the trustee in a Chapter 7 or Chapter 13 case is a necessary party defendant to a complaint for relief from the automatic stay. We conclude that the trustee is such a necessary party and that we are required to join him as such at whatever stage the proceedings are in when we become aware that he has not been so joined.

The facts are as follows:[1] In each of the captioned adversary proceedings, a complaint for relief from the automatic stay

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

was brought by a secured creditor, naming only the debtor (and his wife, if any) as a defendant. It was not until the trial of each of the complaints that we become aware of the fact that the respective trustees had not been named as a defendant in any of said proceedings. Evidence was presented in each case by all of the named parties to the complaint who thereafter rested each of their cases. We held the cases under advisement pending a resolution of, among others, the issue of whether the trustees should have been named as defendants in each of the adversary complaints.

■ With respect to the issue of the joinder of those persons needed for a just determination, Rule 719(a) of the Rules of Bankruptcy Procedure provides, in part:

### Rule 719.
### JOINDER OF PERSONS NEEDED FOR JUST DETERMINATION

(a) Persons to be Joined if Feasible. A person who is subject to service of process [shall be joined] as a party in the proceeding if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the proceeding and is so situated that the disposition of the proceeding in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. *If he has not been so joined, the court shall order that he be made a party.*

(Emphasis added.) In the cases before us it is clear that the Chapter 7 trustees or Chapter 13 standing trustee have an interest in the subject of the proceedings for relief from the automatic stays and that, in the trustee's absence, any disposition of the issue will either impair the trustee's ability to protect his interest or leave the parties to the proceedings under the risk that the trustee will later assert his interest in the property.

We so conclude because under the Bankruptcy Code ("the Code") all property interests of the debtor at the time of the filing of his petition for relief under Chapter 7 or Chapter 13 become part of the estate of that debtor unless and until the trustee abandons that property or, in a Chapter 13 case, the debtor's plan is confirmed. *See* 11 U.S.C. §§ 541(a)(2), 554 and 1327(b). Although a debtor may claim certain of his property as exempt, that exemption right has certain limitations and may be subject to the objection of a party in interest (including the trustee). *See* 11 U.S.C. § 522(b), (d) and (*l*). Thus, even though the respective debtors have claimed certain property as exempt, that property might still be part of the estate, either because there is a valid objection to the debtor's claim of exemption, or to the extent that the value of the property exceeds the value that the debtor may claim as exempt. *Id.*

With respect to property which is part of the estate, the trustee acquires all rights of the debtor to that property. *See* 11 U.S.C. § 541 and Comment. Further, the trustee is the representative of that estate and has the capacity to sue or be sued as such. *See* 11 U.S.C. § 323. The trustee also acquires the benefit of any defense available to the debtor and is not bound by any waiver of that defense by the debtor after the commencement of the case. *See* 11 U.S.C. § 541(e).

■ Consequently, since the trustee is the representative of the estate, any complaint for relief from the automatic stay which seeks such relief in order to proceed against property of the estate must name the trustee as a party defendant. Additionally, it is not enough to allege that the property at issue is not property of the estate (either because of a lack of equity or because the debtor's exemption covers the value of the property) without giving the trustee the opportunity to refute that allegation. Furthermore, it is not enough to name the debtor alone as a party defendant since any waiver by the debtor of any of the estate's defenses does not bind the estate.

Since we have concluded above that the trustee is a necessary party defendant to a complaint for relief from the stay, Rule 719(a) of the Rules of Bankruptcy Procedure requires that we join him as a defendant where he has not been so joined. Even where the case has proceeded to trial, as is true with the cases here, the Rules of Bankruptcy Procedure require us to join a necessary party rather than to dismiss the action for failure to so join him. *See* Rule 721 of the Rules of Bankruptcy Procedure which provides that Rule 21 of the Federal Rules of Civil Procedure is applicable in adversary proceedings in bankruptcy. Rule 21 of the Federal Rules of Civil Procedure states:

### Rule 21.
### MISJOINDER AND NON–JOINDER
### OF PARTIES

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party [or of its own initiative] at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

However, since in the cases presently before us the trial of the complaint for relief from the stay has already been completed, we shall order that the trustee be joined as a party defendant in each case, that he be served with a copy of the complaint, and that he file his answer, if any, within ten days of service of said complaint. If no such answer is filed, we will assume that the trustee asserts no interest in the property at issue and we will adjudicate these cases on the basis of the evidence already before us.[2]

---

2. Since, if an answer is filed by the trustee, another hearing may have to be held on each of these complaints, the order which we will now enter will provide for a continuance of the automatic stay, pending our decision as provided by Local Interim Rule 4001(a), as amended April 30, 1980.