**In re Charles J. ANSPACH and Lorraine D. Anspach, Debtors.**

**Bankruptcy No. 79–02072T(7).**

United States Bankruptcy Court, E. D. Pennsylvania.

Aug. 5, 1981.

Alfred W. Crump, Jr., Reading, Pa., for debtors.

Raymond K. Hess, Reading, Pa., for American Bank and Trust Co. of Pennsylvania.

Robert H. Kauffman, Reading, Pa., for Singer Equipment Co., Inc.

George E. Christianson, Lebanon, Pa., for Steitz Sav. and Loan Assn.

Dennis J. Ward, Lancaster, Pa., for William T. Sherman.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

This case presents once again a challenge to the constitutionality of 11 U.S.C. § 522(f)(1) (1979) regarding the debtors'

avoidance of a judicial lien to the extent it impairs a claimed exemption. Also for decision is a creditor's application to abandon the real property of the debtors. For reasons hereinafter given, we conclude that Section 522(f)(1) is constitutional, and grant the requested abandonment.[1]

In September of 1976, the debtors borrowed $35,000 from American Bank and Trust Co. [hereinafter, the Bank]. To secure repayment of the loan the debtors executed a promissory note and also a one-day judgment note containing a confession of judgment clause. The execution of the judgment note allowed the Bank to enter judgment against the debtors, which the Bank did on September 20, 1976. The docketing of the judgment resulted in a lien against all real property of the debtors within the county where the judgments were filed.[2] 42 Pa.Cons.Stat.Ann. § 4303 (Purdon).

The debtors filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330 (1979), on November 7, 1979. In the schedules accompanying their petition, the debtors claimed as exempt pursuant to 11 U.S.C. § 522(d)(1) their interest in their residence in the amount of $15,000. The Bank objected to the debtors' claim of exemption. A hearing was held and we dismissed Bank's objections in *In re Anspach*, 6 B.R. 700 (Bkrtcy.E.D.Pa.1980). The Bank subsequently filed an application to abandon, apparently seeking an order which would allow foreclosure on the property. Debtor answered, admitting the existence of Bank's claimed lien, but alleging that the liens were "worthless" because of the discharge granted to debtors on September 29, 1980.

On December 11, 1980, the debtors filed an application to avoid the judicial liens of six different creditors. The Bank answered and objected to the debtors' application to avoid. Judicial lien creditors Singer Equipment Co., and William Sherman also answered and objected to the application to avoid.

The various objections were consolidated for hearing on January 27, 1981. At that time, the Bank's application to abandon was combined for hearing with the debtors' application to avoid the judicial liens.[3] At that hearing, the parties present[4] stipulated to the total amount of liens and encumbrances on the property, that the debtors owned the residential property as tenants by the entirety, and that the fair market value of the property, while not specifically fixed, was less than the combined total of all liens on the property.

The question of the constitutionality of Section 522(f)(1) as applied to pre-enactment judicial liens was decided in *In re Burkholder*, 11 B.R. 346 (Bkrtcy.E.D.Pa. 1981). While some of the judicial liens in

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

2. By agreement between the Bank and Steitz Savings and Loan Association, the Bank's lien was subordinated to the subsequent mortgage held by Steitz.

   The Bank holds a second judicial lien, obtained by default judgment in an assumpsit action in state court. See footnote 3, *infra*.

3. At the January 27 hearing, it was agreed by all parties present that the following constitute the total valid liens against the debtor's real property:

| | |
|---|---|
| Steitz Savings and Loan Assn.—Mortgage | $43,045.00 |
| County, Municipal, and School District Real Estate Taxes—tax lien | $10,563.00 |
| Commonwealth of Pennsylvania—Personal Income Taxes—tax lien | $ 687.05 |
| Internal Revenue Service—tax lien | $ 1,279.00 |
| Carlos Leffler, Inc.—judicial lien | $ 719.40 |
| American Bank and Trust Co.—judicial lien | $17,002.82 |
| American Bank and Trust Co.—judicial lien | $ 2,035.88 |
| Singer Equipment Co.—judicial lien | $ 6,223.73 |
| Singer Equipment Co.—judicial lien | $ 988.49 |
| Mary L. O'Brien—judicial lien | $28,461.82 |
| William Sherman—judicial lien | $18,303.00 |

4. Although given appropriate notice, judicial lien creditors Carlos Leffler, Inc. and Mary L. O'Brien were not present nor represented at the January 27 hearing.

this case were created between the enactment date and the effective date (the so-called "gap period"), we feel that this factual distinction does not warrant a reconsideration of our decision. We therefore adopt the reasoning of *Burkholder* as dispositive of the constitutional challenge to Section 522(f)(1) presented in this case, and hereby grant the debtors application to avoid the judicial liens to the extent it impairs debtors claimed exemption.

At the January 27 hearing, it became clear that Bank was seeking abandonment of the property because it believed the value of the property was decreasing, and that a quick foreclosure sale was necessary for the Bank to realize anything out of their lien. In their brief, debtors failed to address the issue of abandonment of the property, other than to admit that the total amount of liens on the property exceeds the fair market value of the property. Therefore, we conclude that there is no equity vis-a-vis the general creditors and the property is a burdensome asset to the estate.

We therefore grant the Bank's application to abandon, and direct that the trustee abandon the residential property.