**In re Rita M. DeSIMONE, Debtor.**

**Jay EICHLER and Mary Eichler, Plaintiffs,**

v.

**Rita M. DeSIMONE and James J. O'Connell, Trustee, Defendants.**

**Bankruptcy No. 81–02575G. Adv. No. 81–0854G.**

United States Bankruptcy Court, E. D. Pennsylvania.

Sept. 14, 1981.

---

George M. Bobrin, Philadelphia, Pa., for plaintiffs, Jay Eichler and Mary Eichler.

Jack K. Miller, Philadelphia, Pa., for debtor/defendant, Rita M. DeSimone.

James J. O'Connell, Philadelphia, Pa., Trustee.

## MEMORANDUM OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge:

The issue presented is whether the plaintiffs herein have sustained their burden of proving that the debtor lacks equity in her residence in order to entitle them to relief under § 362(d) from the automatic stay provisions of the Bankruptcy Code ("the Code"). We conclude that the plaintiffs have failed to sustain their burden of proof and will, therefore, grant the debtor's request for a directed verdict.

The facts of the instant case are as follows:[1] On July 2, 1981, Rita DeSimone ("the debtor") filed a petition for an adjustment of her debts under chapter 13 of the Code. On July 22, 1981, Jay and Mary Eichler ("the plaintiffs") filed a complaint against the debtor[2] seeking a modification of the automatic stay.

At the trial of the instant complaint, the plaintiffs offered as their only evidence the testimony of an expert real estate appraiser who stated that in his opinion the property is worth $25,000.00. The debtor thereupon made a motion for a directed verdict on the grounds that the plaintiffs had failed to sustain their burden of establishing that the debtor lacks equity in the property and, therefore, are not entitled to relief from the stay. We agree.

Section 362(d) of the Code states upon what grounds relief from the stay may be founded:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. The plaintiffs amended their complaint on August 3, 1981, to add the chapter 13 standing trustee as an additional defendant as required by *In re DiBona*, 7 B.R. 798 (Bkrtcy.E.D.Pa. 1980).

Section 362(g) apportions the burden of proof in a case under § 362(d) as follows:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
>
> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>
> (2) the party opposing such relief has the burden of proof on all other issues.

Thus, pursuant to § 362(g)(1), the plaintiffs herein have the burden of establishing that the debtor lacks equity in the property, i. e., that the fair market value of the property is less than the amount of the secured debt on that property. We agree with the debtor's contention that the plaintiffs have not sustained that burden of proof in this case.

The only evidence offered by the plaintiffs at trial was that the fair market value of the property is $25,000.00. Although the debtor did admit (by failing to deny the allegation in the plaintiffs' complaint) [3] that there is a mortgage on the property in the amount of $7,000 and that the amount of the judgment obtained by the plaintiff is $15,570, the debtor denied that that judgment is a lien on the property in question by virtue of § 522(f) and/or § 506(a) of the Code.

■ Section 522(f)(1) of the Code permits a debtor to avoid a judicial lien which impairs an exemption claimed by a debtor. Since a judgment is clearly a judicial lien, it would appear that the debtor may avoid the lien on her property created by virtue of the plaintiffs' judgment. However, we have no evidence before us to show that the debtor has in fact avoided that lien through her plan, by application or otherwise. Until such affirmative action is taken by the debtor, the plaintiffs' lien remains in effect. *See, e. g., In re Anspach*, 6 B.R. 700 (Bkrtcy. E.D.Pa.1980); *In re Laird*, 6 B.R. 273, 6

B.C.D. 998 (Bkrtcy.E.D.Pa.1980). *See generally*, 3 Collier on Bankruptcy ¶ 522.29 (15 ed. 1981).

■ However, even if the plaintiffs' judgment is still a lien on the debtor's real property, the evidence as presented by the plaintiffs establishes that there is equity in the property rather than a lack of equity. Plaintiffs' only witness testified that the property is worth $25,000 while the plaintiff has alleged (and the debtor has admitted) that there are secured debts on the property totaling $22,570.25 (the $7,000 mortgage plus the $15,570.75 judgment). Although the attorney for the plaintiffs asserted that there was interest due on their judgment, that fact and the amount due were neither pleaded nor proved. Consequently, we conclude that the plaintiffs have failed to establish that the debtor lacks equity in her real property.

■ The plaintiffs have asserted another reason (in addition to the debtor's alleged lack of equity in the property) that the stay should be modified: that is that the debt owed to the plaintiff is nondischargeable and that there is, thus, no reason the plaintiffs should be stayed for the duration of the debtor's plan before they may attempt collection of that debt. The plaintiffs rely on § 523(a)(6) of the Code which provides:

> (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

Section 1328(b) of the Code provides for the discharge of a debtor under certain circumstances where the debtor has failed to make all of the payments required by his chapter 13 plan. However, where a debtor completes the payments required by his plan, he is discharged of any debt falling within § 523(a)(6). *See* 11 U.S.C. § 1328(a). Be-

---

**3.** Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, made applicable herein by Rule 708 of the Rules of Bankruptcy Procedure,

the failure of a defendant to deny an allegation made in the complaint is deemed an admission of that allegation.

cause there is no evidence before us that the debtor herein will not complete her payments and not obtain a discharge under § 1328(a), we are unable at this time to determine that the debt owed to the plaintiffs is nondischargeable. Consequently, we cannot conclude that the plaintiffs are entitled to relief from the stay on that basis.

For all of the above reasons, we conclude that the plaintiffs are not entitled to relief from the automatic stay to permit them to proceed against the debtor and her property.