**In re Rita M. DeSIMONE, Debtor.**

**Bankruptcy No. 81–02575G.**

United States Bankruptcy Court,
E. D. Pennsylvania.

July 14, 1982.

Jack K. Miller, Philadelphia, Pa., for debtor, Rita M. DeSimone.

George M. Bobrin, Philadelphia, Pa., for Jay Eichler and Mary Eichler.

James J. O'Connell, Philadelphia, Pa., Trustee.

## MEMORANDUM OPINION [1]

EMIL F. GOLDHABER, Bankruptcy Judge:

The instant case is before us on the "petition" [2] of two creditors (husband and wife) for a declaratory judgment holding that the debt owed to them by the debtor is nondischargeable. We will deny the motion because we find it to be without merit.

Jay and Mary Eichler ("the creditors") assert that they are the holders of an unsecured claim [3] against Rita M. DeSimone

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. This is a misnomer. The only "petition" in a case under the Bankruptcy Code is the initial pleading, the petition for relief. We will, there-

fore, treat the creditors' so-called "petition" herein as a motion.

3. The creditors assert that they hold a judgment against the debtor but the debtor has avoided the judgment lien arising therefrom in her chapter 13 plan. *See In re DeSimone*, 13

("the debtor") which is nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code ("the Code"). That section provides that:

> (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> .   .   .   .   .
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

In her answer to the creditors' motion, the debtor requests that we abstain from hearing that motion because, she asserts, the issue was already decided by Judge King in a previous case between these parties.[4] In that decision, Judge King stated:

> [W]here a debtor completes the payments required by his plan, he is discharged of any debt falling within § 523(a)(6). *See* 11 U.S.C. § 1328(a). Because there is no evidence before us that the debtor herein will not complete her payments and not obtain a discharge under § 1328(a), we are unable at this time to determine that the debt owed to the plaintiffs is nondischargeable.[5]

We conclude that Judge King's decision was not a final decision on the issue of the dischargeability of the debt in question and, therefore, that the creditors are not precluded from filing the instant motion. However, the creditors have still failed to show that the debtor will not be able to complete her payments under her chapter 13 plan and will not be able to obtain a discharge under § 1328(a) of the Code. Until that can be proven, the creditors are not entitled to the relief they request. All of the cases and sections of the Code which are cited by the creditors to the contrary are inapplicable because they deal with cases under chapter 7 or 11 of the Code rather than a case, such as this one, under chapter 13.

B.R. 981 (Bkrtcy.E.D.Pa.1982). Therefore, the claim of the creditors herein is an unsecured claim.

---

4.  See *In re DeSimone*, 13 B.R. 981 (Bkrtcy.E.D. Pa.1982).

