In re Rita M. DeSIMONE.

Civ. A. No. 82–3865.

United States District Court,
E.D. Pennsylvania.

Nov. 1, 1982.

George M. Bobrin, Philadelphia, Pa., for appellant.

Mitchell W. Miller, Philadelphia, Pa., for appellee.

## MEMORANDUM

NEWCOMER, District Judge.

Appellants seek review of the Bankruptcy Court's refusal to grant a declaratory judgment that a debt owed to them was not dischargeable pursuant to 11 U.S.C. § 1328(a). The decision of the Bankruptcy Court will be affirmed, 21 B.R. 631.

Appellants assert that their claim against the debtor, allegedly the result of an assault by the debtor upon the appellants, is non-dischargeable pursuant to § 523(a)(6) of the Revised Bankruptcy Act, which states that:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—... (6) for willful and malicious injury by the debtor to another entity.

The debtor, however, has filed an application for discharge pursuant to 11 U.S.C. § 1328(a)[1], which is not one of the sections referred to in § 523(a). Likewise, debts under § 523(a)(6) are not included in the list of debts which are not dischargeable under § 1328(a). The law is clear, therefore, that debts which fall within the scope of § 523(a)(6) may still be discharged pursuant to § 1328(a).

Because the statutes are unambiguous this Court finds no need to address the Appellant's discussion of their legislative history. The legislative history of an act is relevant only if the language of that act is ambiguous.

1. Section 1328. Discharge

(a) As soon as practicable after completion by the debtor of all payments under the plan, ... the court shall grant the debtor a discharge of all debts provided for by the plan ... except any debt—

(1) provided for under section 1322(b)(5) of this title; or

(2) of the kind specified in section 523(a)(5) of this title.