In re TRANSLEISURE CORPORATION, Translex Corporation, T.O.D. Manufacturing Co., Inc., Professional Sporting Goods Merchandisers, Inc., Island Helicopter Corp., Island Helicopter, Inc., New York Helicopter, Inc., Transavionics Corporation, Helicopter Maintenance Service, Inc., Island Helicopter Flight School, Inc., Debtors.

Bankruptcy Nos. 884–40672–18 to 884–40681–18.

United States Bankruptcy Court, E.D. New York.

June 15, 1984.

Shaw, Goldman, Licitra, Levine & Weinberg, P.C., Garden City, N.Y., for debtors.

Milbank, Tweed, Hadley & McCloy, New York City, for Beneficial Finance Leasing Corp.

## DECISION & ORDER

C. ALBERT PARENTE, Bankruptcy Judge.

Island Helicopter Corporation, the debtor, has cross-moved for an order "dismissing and denying" the motion of Beneficial Finance Leasing Corporation ("Beneficial") under Bankruptcy Rule 7019 which incorporates Fed.R.Civ.P. 19 on the grounds that "several additional parties ... are both necessary ... and indispensable" to the action.

Beneficial's motion seeks an order vacating the automatic stay imposed under 11 U.S.C. § 362(a) to the extent necessary to enable it to foreclose upon its security interest in a Lockheed Jetstar II jet aircraft owned by the debtor. Beneficial has requested such order on the grounds enumerated in both 11 U.S.C. § 362(d)(1) and 11 U.S.C. § 362(d)(2) asserting that (a) its security interest is not adequately protected and that (b) debtor has neither equity in the collateral nor is such collateral essential to its reorganization. Alternatively, Beneficial seeks adequate protection of its interest in such collateral. Beneficial's motion has been adjourned to June 19, 1984.

## BACKGROUND

In March of 1982, Beneficial financed the acquisition by debtor of a Lockheed Jetstar II executive jet aircraft. Debtor granted to Beneficial a security interest in *inter alia* the acquired jet as collateral for the loan. Application of Beneficial Finance Leasing Corporation ("Beneficial Ap.") at 2; Debtor's Application ("Debtor's Ap.") at 2.

Contemporaneously, debtor entered into a contract with the Spanno Corporation ("Spanno"), which had acted as broker in the purchase of the jet, under which debtor was granted the option within a specified time frame to require Spanno to sell the jet and upon such sale to pay to the debtor not less than the sum of $6,100,000.00 irrespective of amounts received upon such sale. Spanno, in the contract, warranted that it had purchased an insurance policy from Colonial Assurance Corporation ("Colonial"), of which debtor was the beneficiary, to insure against the diminution in value of the jet and to compensate debtor for the differential in the event the sale of the jet generated less than the $6,100,000.00 figure. Debtor's Ap. at 3–4. Debtor asserts, but does not substantiate, that under the Spanno contract, in the event Spanno is unable to consummate the sale of the jet, Spanno and the insurers will be liable for the full $6,100,000.00 and will acquire debtor's ownership rights by subrogation. (Debtor has not supplied the court with documentation and thus specifics remain somewhat cloudy.)

Although not made explicit in debtor's application, it appears that Spanno did in fact purchase an insurance policy from Colonial. *Id.* at 4. Colonial, in turn, entered into a reinsurance agreement with Mercantile & General Reinsurance Company, plc. ("M & G"). *Id.* at 3–4.

In March of 1982, debtor exercised its option in requiring Spanno to sell the jet. Thereafter, Spanno filed a notice of claim under the Colonial insurance policy. Colonial filed a similar claim with M & G. *Id.* at 4–5.

No payments have been received to date by the debtor. Instead, in response to the notice of claim served upon it, M & G commenced an action in New York State Supreme Court for a declaratory judgment against debtor, Spanno and Colonial for recision of its reinsurance agreement. Debtor has interposed cross-claims against Spanno and Colonial, and a counterclaim

against M & G. Spanno and Colonial have denied liability to the debtor. *Id.* at 5.

Under this factual predicate, debtor urges this court to deem Spanno, Colonial and M & G to be both necessary and indispensable parties under the dictate of Bankruptcy Rule 7019.

## APPLICABILITY OF BANKRUPTCY RULE 7019

■ A request for relief from an automatic stay under § 362 of the Bankruptcy Reform Act of 1978 ("Code") is governed by Bankruptcy Rule 4001 which requires such request to comply with Bankruptcy Rule 9014, captioned "Contested Matters." Rule 9014 states that in a contested matter relief shall be requested by motion and further selectively incorporates by reference a number of rules contained in Part VII of the Bankruptcy Rules. Rule 9014 provides in pertinent part:

> In a contested matter in a case under the Code not otherwise governed by these rules, ... unless the court otherwise directs, the following rules shall apply: 7021, 7025, 7026, 7028–7037, 7041, 7042, 7052, 7054–7056, 7062, 7064, 7069, and 7071. The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply.

A review of the relevant language of Rule 9014 makes crystal clear that Rule 7019, upon which debtor relies, is inapplicable to the instant proceeding unless this court specifically directs that it apply. Thus, debtor's motion will initially be treated as a request for an order deeming Rule 7019 applicable to creditor's motion.

■ At the outset, it should be noted that current Bankruptcy Rule 4001 constitutes a change from predecessor rule 701, under which automatic stay litigation was required to take the form of an adversary proceeding. The advisory committee note to current Bankruptcy Rule 7001 sets forth the basis for the change in procedure:

> Unlike former Bankruptcy Rule 701, requests for relief from an automatic stay do not commence an adversary proceeding. Section 362(e) of the Code and Rule 4001 establish an expedited schedule for judicial disposition of requests for relief from the automatic stay. The formalities of the adversary proceeding process and the time for serving pleadings are not well suited to the expedited schedule. The motion practice prescribed in Rule 4001 is best suited to such requests because the court has the flexibility to fix hearing dates and other deadlines appropriate to the particular situation.

Thus, any judicial determination to apply additional rules under Part VII, and Rule 7019 specifically, should be guided by the articulated concern for expedition in automatic stay litigation.

■ On the other hand, Bankruptcy Rule 9014 which empowers the court to deem additional Part VII rules applicable in the context of a contested matter tempers the concern reflected in Bankruptcy Rule 4001 to expedite proceedings in authorizing the court to apply additional procedural rules, notwithstanding the concomitant burden that the application of such additional rules will impose on the litigants. There can be no better resolution of these competing policy considerations than to make individual determinations on a case-by-case basis.

Such a conclusion has the salutary effect of reconciling current practice with that existing under the prior bankruptcy rules, where automatic stay litigation was commenced by adversary proceeding. Part VII Rules which were generally applicable in such proceedings may be selectively implemented under this current framework but may be utilized in such manner as to facilitate the need for prompt resolution of disputes.

Premised upon the foregoing, this court is not philosophically indisposed to applying particular unenumerated Part VII Rules in a contested matter. It remains to be determined whether debtor is entitled to the relief it requests under Rule 7019 to determine whether an order directing its application in the instant proceeding would be a fruitless action.

## NECESSARY AND INDISPENSABLE PARTIES

Bankruptcy Rule 7019 provides:

Joinder of Persons Needed for Just Determination.

Rule 19 F.R.Civ.P. applies in adversary proceedings, except that (1) if a person joined as a party raises the defense that the bankruptcy court lacks jurisdiction over the subject matter and the defense is sustained, the court shall dismiss such person from the adversary proceedings and (2) if a person joined as a party properly and timely raises the defense of improper venue, the court shall determine, as provided in 28 U.S.C. § 1477, whether that part of the proceeding involving the joined party shall be retained or transferred to another district, or whether the entire adversary proceeding shall be transferred to another district.

Fed.R.Civ.P. 19 provides:

Joinder of Persons Needed for Just Adjudication.

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

(c) Pleading Reasons for Nonjoinder. A pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons as described in subdivision (a)(1)–(2) hereof who are not joined, and the reasons why they are not joined.

(d) Exception of Class Actions. This rule is subject to the provisions of Rule 23.

Under Bankruptcy Rule 7019 and Fed.R.Civ.P. 19 the court's inquiry must be initially directed to a determination of whether Spanno, Colonial and M & G are "persons to be joined if feasible." If the court determines that they are such persons, then they must be joined in the action so long as joinder does not deprive the court of jurisdiction. If any of these persons cannot be made a party, the court must determine whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person [or persons] being thus regarded as indispensable."

■ A person should be deemed a "person to be joined if feasible" if either of the following criteria derived from F.R.Civ.P. 19 are met:

(a) complete relief cannot be afforded to those already parties in such person's absence, or

(b) such person is so situated that disposition of the action in his absence will either impair his ability to protect that interest or subject those already parties to a substantial risk of incurring inconsistent liability.

■ In the instant proceeding the relief being sought is the vacatur of the automatic stay imposed under 11 U.S.C. § 362(a). It is clear that no additional party need be joined to grant such relief. The vacatur would simply authorize Beneficial to proceed to foreclose on its security interest. Thus, complete relief may be afforded to Beneficial in the absence of Spanno, Colonial and M & G.

However, debtor argues further, although the thrust of such argument is somewhat unclear, that if the parties sought to be joined are not joined, the debtor will be subjected "to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of ... [the] claimed interest[s] [of the parties to be joined]." Debtor's argument is apparently that if the automatic stay is vacated and Beneficial then proceeds to foreclose on its security interest, such foreclosure may preclude Spanno from selling the jet and in some manner justify a disclaimer of liability on Spanno's guarantee and the policies of insurance and reinsurance. Debtor's Ap. at 7.

Debtor's argument, although couched in the language of F.R.Civ.P. 19(a)(2) that non-joinder will result in "the substantial risk of incurring inconsistent obligations," is essentially that its right of recovery against Spanno, Colonial and M & G may be prejudiced by the vacatur of the automatic stay and consequent foreclosure by Beneficial. Even if debtor is correct in its analysis that it may be prejudiced by the vacatur of the automatic stay, under the plain language of F.R.Civ.P. 19(a) the fact that a party would suffer prejudice is not a basis to conclude that the joinder of third parties is necessary.

The court, however, finds that it would not be the vacatur of the automatic stay which would prejudice debtor's potential recovery but rather such prejudice if it exists, would stem directly from the separate contractual relationships between debtor and Beneficial and debtor and Spanno. Beneficial's right to foreclose exists independently of debtor's contract with Spanno, and derives from a state of facts with respect to which Spanno is deemed to have notice. Debtor should be viewed to have assumed the risk with respect to the possibility of the foreclosure of Beneficial's lien.

The right to seek relief from the automatic stay is a statutory right created by § 362(d) of the Code. Section 362(d) is a vehicle which, assuming the statutory elements are met, does no more than restore the parties to the pre-petition *status quo*, that is, the position they were in prior to the imposition of the automatic stay. A vacatur of the stay will not alter property rights; will not vest a property interest in one party to the detriment of another. It will simply remove an impediment to the otherwise lawful enforcement of Beneficial's security interest. A vacatur of the automatic stay will not subject the debtor to "double, multiple or otherwise inconsistent obligations." It will merely authorize the commencement or continuation of further proceedings consistent with applicable law.

Additionally, debtor has failed to demonstrate that the parties it seeks to have joined have a cognizable property interest in the subject collateral. Although it makes nonspecific allegations as to certain contingent rights these parties possess in the event the collateral is not sold, Debtor's Ap. at 6–7, it is clear that if such rights exist, they do not approach those of a secured claimant. In *In re Rancho El Cajon Associates*, 18 B.R. 283, 8 B.C.D. 1035 (Bkrtcy.S.D.Cal.1982), *compare In re DiBona*, 7 B.R. 798, 6 B.C.D. 1368 (Bkrtcy.E.D.Pa.1980), the court granted a senior lien holder relief from the automatic stay notwithstanding the failure of a junior lien holder to be joined in the proceeding. Under this authority, this court finds that there is no requirement that Spanno, Colo-

nial or M & G, holders of lesser interests, if any, be made parties to this proceeding.

Where a secured claimant requests relief from the automatic stay, such request is as a general proposition narrowly drawn to apply to such party and no other. Thus, a grant of relief to the secured claimant will not directly alter the rights of other parties. To illustrate, where the secured claimant bases its motion on the failure of the debtor to adequately protect its interest, it is not significant that other interests in the collateral are or are not adequately protected. The debtor's burden is met, *see* 11 U.S.C. § 363(e), if it demonstrates that the movant is adequately protected. 18 B.R. at 289, 8 B.C.D. at 1038. Likewise, where a secured claimant seeks to vacate the stay under § 362(d)(2) on the grounds that there is no equity in the property and that such property is not necessary to an effective reorganization, the factual issues pivotal to a determination may be properly amplified by the secured claimant and debtor and any relief granted will inure only to the direct benefit of the movant.

In light of the preceding analysis, the court finds that Spanno, Colonial and M & G are not necessary parties to the instant motion, and thus cannot be indispensable parties. Consequently, the application of Bankruptcy Rule 7019 in this matter, would not aid the debtor. The court, thus, declines to deem this rule applicable in the instant proceeding.

Debtor's cross-motion is denied.

It is SO ORDERED.