In re MARKOWITZ BUILDING COMPANY dba Silver Creek Apartments, Debtor.

Bankruptcy No. 87–01630.

United States Bankruptcy Court, N.D. Ohio, W.D.

Jan. 11, 1988.

James M. Perlman, Toledo, Ohio, for debtor.

Thomas W. Heintschel, Toledo, Ohio, for United Home Federal.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Hearing on Debtor's Objection to the Motion for Relief from Stay by United Home Federal. At the Hearing the parties had the opportunity to argue their respective positions and present evidence they wished the Court to consider in reaching its decision. Also present was counsel for the fee simple owner and mortgagor of Silver Creek Apartments, William G. Robinson (hereinafter "Mr. Robinson"). The Debt-or–In–Possession, Markowitz Building Company, and the Mortgagee, United Home Federal, both called appraisers to testify as to the value of the apartments in question. At the end of the Hearing, the Court requested that Markowitz Building Company (hereinafter "Markowitz"), United Home Federal, and counsel for Mr. Robinson file Briefs with the Court addressing the interests of the Debtor–In–Possession, United Home Federal and Mr. Robinson, and the application of 11 U.S.C. § 362 to the Silver Creek Apartment complex. The Court has reviewed the Appraisals, the Briefs and arguments of counsel, as well as the entire record in this case. Based on that review, and for the following reasons, the Court finds that Relief from Stay should be Granted.

## FACTS

The facts in this case do not appear to be in dispute. Mr. Robinson is the owner in fee simple of the properties located at 5525, 5525½ and 5525 Lewis Avenue, Toledo, Ohio. United Home Federal is the holder of three mortgages on the property, which totalled Two Million Thirty-eight Thousand One Hundred Sixty-six Dollars and Twenty Cents ($2,038,166.20) on October 16, 1987.

On December 10, 1979, Mr. Robinson, as land contract vendor, sold Silver Creek Apartments to Markowitz, the land contract vendee. On the same day, Mr. Robinson entered into and executed a ground lease, with Markowitz as leasee, for the land upon which the apartment complex rests. The lease runs through 2019. On February 5, 1980, Mr. Robinson and the Debtor–In–Possession agreed to an Addendum to the land contract, setting forth additional specific terms.

In the Addendum, Markowitz Building Company agreed to pay the three mortgages payments to United Home Federal's predecessor, the Toledo Home Federal Savings and Loan Association. The payments total approximately Eighteen Thousand Two Hundred Seventy-eight Dollars ($18,-278.00) a month.

At the Hearing, the Court heard appraisal testimony on the value of the apartment

complex. The appraiser commissioned by the Debtor–In–Possession valued the property at Two Million Three Hundred Eighty Thousand Dollars ($2,380,000.00). The appraiser commissioned by the Creditor, United Home Federal, testified that the value of the property was One Million Six Hundred Fifty Thousand Dollars ($1,650,-000.00). Both appraisers agreed that the best method of valuation was the "income approach". Both used essentially the same comparables.

At the time of the Hearing, Silver Creek had Ninety-five (95) units rented, and Thirty-two (32) units vacant. The unpaid real estate taxes amounted to Fifty-six Thousand Five Hundred Seventy Dollars and Forty-nine Cents ($56,570.49).

## LAW

The requirements for Relief from Stay are set forth in 11 U.S.C. § 362(d), which states:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

■■■■ It appears that United Home Federal, as first mortgagee, is a "party in interest" under § 362(d). *In re Vieland*, 41 B.R. 134 (Bankr.N.D.Ohio 1984); 2 *Collier on Bankruptcy* § 362.07 at 362–53. Therefore, under § 362(d), United Home Federal may request, by Motion, relief from the automatic stay. A review of the Bankruptcy Rules, and the relevant case law, reflects that Mr. Robinson is not a necessary and indispensable party for the Motion for Relief from Stay. A request for Relief from Stay is governed by Bankruptcy Rule 4001(a), which states that the request "shall be made in accordance with Rule 9014."

Rule 9014 applies to "contested matters", which is in contrast to the requirements for "adversary proceedings". Unlike adversaries, which require the filing of a Complaint, a contested matter is commenced by the filing of a Motion. Other procedural requirements are altered for "contested matters", and only the listed sections of the Bankruptcy Rules apply under 9014. Rule 7019, which makes Federal Rule 19 F.R. Civ.P. applicable, is not included in the list. *See, In re Transleisure Corp.*, 41 B.R. 201 (Bankr.E.D.N.Y.1984). The Court may direct that one or more of the other Rules in Part VII shall apply, but the Court has received no Motion to do so, and under Rule 9014 there does not appear to be any need to join Mr. Robinson.

The Motion for Relief from Stay neither leaves Mr. Robinson subject to a substantial risk of inconsistent obligations, nor impairs his ability to protect his interests. Rule 9014 does not call for notice to anyone other than "the party against whom relief sought." It is important to remember that the Motion for Relief from Stay is only to determine whether the protection of the automatic stay, which became effective upon the filing of the Bankruptcy Petition by Markowitz, should continue to protect the apartment complex. Relief from Stay would simply return the parties to whatever legal relationship existed before commencement of the case. *In re Scherbenske*, 71 B.R. 403 (Bankr.D.N.D.1987); *Matter of Winslow*, 39 B.R. 869 (Bankr.N.D.Ga.1984). No determination of Mr. Robinson's rights to the property are necessary, only a determination that the Debtor–In–Possession has no equity in the property. As stated in *In re Transleisure, supra:*

In the instant proceeding the relief being sought is the vacatur of the automatic stay imposed under 11 U.S.C. § 362(a). It is clear that no additional party need be joined to grant such relief. The vacatur would simply authorize Beneficial to proceed to foreclose on its security inter-

est. Thus, complete relief may be afforded ...
41 B.R. at 205.

 For purposes of determining whether Relief from Stay should be granted on property which the Debtor–In–Possession would retain and use, the valuation under 11 U.S.C. § 506(a) should be based on the fair market value. *In re Courtright*, 57 B.R. 495 (Bankr.D.Or.1986); *3 Collier on Bankruptcy* § 506.04[2] at 506–28 (15th ed. 1987). Fair market value is the price which a willing seller under no compulsion to sell, and a willing buyer under no compulsion to buy, would agree upon after the property has been exposed to the market for a reasonable amount of time.

The Court has considered the evidence, including the income potential, the assumptions of the appraisers and the relevant comparables, and has arrived at a fair market value for the property. The Court finds that the fair market value of the apartment complex is One Million Eight Hundred Fifty Thousand Dollars ($1,850,000.00).

United Home Federal holds mortgages totalling at least Two Million Thirty-eight Thousand One Hundred Sixty-six Dollars and Twenty Cents ($2,038,166.20). Accordingly, the Court finds that the Debtor–In–Possession has no equity in the property.

 A lack of equity does not, in and of itself, require the Court to grant Relief from Stay. *See* § 362(d). A Bankruptcy Court must be guided by equitable principles in exercising its discretion to enforce or modify the automatic stay. *In re Continental Airlines, Inc.*, 61 B.R. 758, 780 (S.D.Tex.1986). In the present case, there are several factors which support the granting of Relief from Stay. First, the last payment made by the Debtor–In–Possession was on February 21, 1986. Failure to tender periodic payments to a secured creditor may constitute "cause" for Relief from Stay under § 362(d)(1). *In re Wright, Egan & Associates*, 60 B.R. 806, 807 (Bankr.E.D.Pa.1986). The real estate tax arrearage is also a factor which weighs in favor of granting Relief from Stay. Other factors are the physical deterioration which occurred during Markowitz's tenure, the need for extensive capital improvements, and the high vacancy rate.

 In light of the Debtor–In–Possession's lack of equity in the apartment complex, the offer to pay "interest only" is not "adequate" protection. Without an equity cushion, the risks that the Debtor–In–Possession seeks to impose on United Home Federal are too great, particularly when there are outstanding real estate taxes. Moreover, while the apartment complex is the only asset of the Debtor–In–Possession, there appears to be little likelihood of an effective reorganization. *In re Albany Partners, Ltd.*, 749 F.2d 670, 673 (11th Cir.1984); *Grundy Nat. Bank v. Tandem Mining Corp.*, 754 F.2d 1436, 1440 (4th Cir.1985). The Debtor–In–Possession not only has problems with economic feasibility, it would also have great difficulty proposing a confirmable Plan over the objections of the first mortgagee.

Accordingly, the Court having examined the interests involved in the light of the Debtor–In–Possession's lack of equity in the property, it is

ORDERED that the Motion for Relief from Stay by United Home Federal be, and is hereby, GRANTED.