**In re Steven H.L. HONETT, Debtor.**

**Bankruptcy No. 89–42821.**

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

June 28, 1990.

Lance J. Vander Linden, Riddle & Brown, Dallas, Tex., for First Gibraltar Bank, FSB.

Steven H.L. Honett, Plano, Tex., pro se.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

This matter came on for consideration of Movant, First Gibraltar Bank, FSB's ("Bank"), Motion for Relief from Automatic Stay and Motion to Dismiss Chapter 13 Case with prejudice. This Opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052 and disposes of the issues presented to the Court.

## FACTUAL BACKGROUND

The facts of this case are not materially disputed and have been stipulated to by the parties. Steven Honett, ("Debtor"), filed a Chapter 11 proceeding in the Eastern District of Texas, Sherman Division, on April 5, 1988, to prevent the foreclosure of his homestead. The Chapter 11 petition ultimately failed and was converted to a Chapter 7 which was discharged on January 9, 1990. On December 29, 1989, Debtor filed a Chapter 13 petition for the express purpose of saving his homestead from foreclosure.

Debtor's home is currently subject to two mortgages. The balance on the first lien position is $53,750.56. The monthly payments amount to $753.94. The second lienholder is First Gibraltar Bank, FSB, ("Bank"), as transferee of the FSLIC as receiver for First Texas Savings Association. The outstanding balance currently owed on this lien position is over $118,000.00 consisting of $69,000.00 in principal indebtedness as well as prepetition arrearages of approximately $49,000.00.

It was also stipulated that Bank had purchased the position of the first lienholder and is hence, the sole mortgagee of Debtor. Thus the aggregate amount of the outstanding mortgage indebtedness totals well over $170,000.00. The parties have further stipulated that there is no equity in the property. By Debtor's own appraisal, the property is worth no more than $106,000.00.

## MEMORANDUM OF LAW

At the hearing on the motions in issue Debtor argued that any attempts to either lift the stay or alternatively to dismiss his bankruptcy were premature and would be contrary to the spirit of the bankruptcy code in granting Debtors a chance at a "fresh start." Upon questioning by the Court as to the feasibility of Debtor's Plan of Reorganization given the very large indebtedness on his home, Debtor responded that it is his intention to bifurcate the claim of Bank into a secured and unsecured portion and pay the unsecured portion through his Plan pursuant to 11 U.S.C. § 506(a). In substance, Debtor's proposal is to reduce the outstanding indebtedness owed to Bank to an allowed secured claim equal to the value of the collateral. Any excess owed above this amount will be treated as unsecured and paid through the Plan pro rata. It is Debtor's proposition that the $49,000.00 in arrearages can thusly be treated as unsecured thereby avoiding the requirement of 11 U.S.C. § 1322(b)(5) relating to the curing of defaults.

Debtor's argument is interesting in spite of the seemingly clear language of 11 U.S.C. § 1322(b)(2) which provides that a plan may

"Modify the rights of holders of secured claims, other than a claim secured only

by a security interest in real property that is the Debtor's principal residence or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims ..."

Debtor argues that the prohibition against modification of secured claims secured only by a security interest in real property that is the Debtor's principal residence does not prevent Debtor from bifurcating the claim into an allowed secured claim pursuant to 11 U.S.C. § 506(a) as well as an allowed unsecured claim. Thus, before the Court can decide the motions pending before it it is necessary to evaluate Debtor's proposition.

Several recent cases have examined the interplay between 11 U.S.C. § 506(a) and 11 U.S.C. § 1322(b)(2). In *In re Hougland*, 886 F.2d 1182 (9th Cir.1989), the Court held that there was no conflict between 11 U.S.C. § 506(a) and 11 U.S.C. § 1322(b)(2). In reconciling the two statutes in the context of bifurcating a secured lender's lien the Court found that § 1322(b)(2) served only to protect "the truly secured portion of the residential real estate lender's claim ..." *Id* at 1184. See also, *In re Brouse*, 110 B.R. 539 (Bkrtcy.D.Colo.1990); *In re Hayes*, 111 B.R. 924 (Bkrtcy.D.Or.1990).

This Court is convinced that the holdings of the beforementioned cases are correct in both rationale and result. However, this Court does not believe that these cases vitiate Debtor's argument that he should be allowed to treat the $49,000.00 in arrearages as an unsecured debt. A case directly on point is *In re Hyden*, 110 B.R. 46 (Bkrtcy.W.D.Okl.1990). *Hyden* held for the opposite result. In *Hyden*, Debtors obtained a discharge on personal liability on a mortgage secured by their homestead as a result of a Chapter 7 discharge then sought to bifurcate mortgagee's non-recourse claim against property of the Debtor in the subsequently filed Chapter 13. The Court held that Debtor's Chapter 13 Plan would require a curing of all mortgage arrearages and could not merely reinstate the mortgage debt and mortgage debt payments in an amount limited to the allowed secured portion of the secured debt.

The facts in *In re Hyden* are remarkably similar to the facts in the instant case. Both cases involved Chapter 7 discharges being followed by the filing of Chapter 13 Plans. In both cases, Debtors proposed to bifurcate the secured parties' claim pursuant to 11 U.S.C. § 506(a). And finally, both cases involved significant prepetition mortgage arrearages which were not to be cured in the subsequent Chapter 13 Plan pursuant to 11 U.S.C. § 1322(b)(5). The Court in *Hyden* found Debtor's proposition as to the treatment of the arrearages, to be "wholly inequitable, in addition to being violative of the spirit, if not the letter, of Chapter 13." *Id* at 51. Accordingly, the Court found Debtor's proposal to be in bad faith and denied confirmation. *See Contra In re Hayes*, 111 B.R. 924 (Bkrtcy.D.Or. 1990) (Bankruptcy court disallowed allocation of post-petition arrearage to the unsecured portion of debt; however, the court's holding was suggestive that the outcome might have been different had the arrearage been prepetition. This Court would note that the Debtor's Chapter 13 petition in *Hayes* was not preceded by a previous Chapter 7.)

After analyzing the statutes in question as well as the cases cited, this Court is of the opinion that Debtor's proposal is only partly meritorious. This Court does not oppose the employment of 11 U.S.C. § 506(a) to bifurcate a secured mortgage lien into an allowed secured claim and an allowed unsecured claim. The Court is of the opinion that 11 U.S.C. § 506(a) is a universal concept to be employed throughout all the bankruptcy chapters in addition to being in keeping with the spirit of the Chapter 13 "fresh start." However, this Court also acknowledges that in spite of the allowance of the bifurcation of a Chapter 13 creditor's secured claim certain particulars of the mortgage instrument cannot be affected. *See In re Hayes, Supra.* Particularly, the interest rate or monthly payment amount cannot be modified in any case. At best, through a bifurcation of the secured debt into allowed secured and unsecured portions the only possible provisions that are implicitly compromised are

the length of the payment term as well as the total payout amount. For example, in this case, should Debtor request a 11 U.S.C. § 506(a) valuation hearing, this Court will be able to bifurcate Debtor's outstanding mortgage debt to reflect its allowed secured status. Assuming that Debtor's appraisal is accepted by the Court, the second lien of $118,000.00 would be reduced approximately $64,000.00 to reflect an allowed secured claim of $54,-000.00. Thus, Debtor would continue paying his monthly mortgage payments based on the premodified contract term until the allowed secured portion of the second lien is amortized. Since the first lien position is wholly an allowed secured claim, it will not be affected. However, this Court is unwilling to adopt Debtor's proposal concerning the $49,000.00 in arrearages and instead chooses to follow the holding in *In re Hyden* that all pre Chapter 13 mortgage petition arrearages discharged in a previous Chapter 7, must be paid throughout the life span of the Plan in order for the Plan to be confirmable as one proposed in good faith. *See* 11 U.S.C. § 1325(a)(3).

In summary, the Court's analysis of Debtor's arguments leaves it with several conclusions. First, 11 U.S.C. § 506(a) may be utilized to bifurcate a secured mortgage lien into an allowed secured and an allowed unsecured claim. Second, all relevant payment terms of the mortgage instrument are to remain intact save the necessary shortening of the maturity date. Third, the good faith requirement of 11 U.S.C. § 1325(a)(3) is impugned and the curing of default section of 11 U.S.C. § 1322(b)(5) ignored by any attempts to treat mortgage arrearages as unsecured thereby negating repayment. As the Court in *In re Hyden, Supra* recognized, allowing this outcome would not only be unjust but would allow Debtors "to have their cake and eat it too." *Id.* at 51. This Court is unable to expand on such a concise legal analysis.

With this matter addressed, the Court is now able to dispose of the motions at hand. In order for the automatic stay to be lifted pursuant to 11 U.S.C. § 362(d) it must be demonstrated that the Debtor does not have equity in the property in addition to a demonstration that the property is not necessary to an effective reorganization. As previously mentioned, the parties have stipulated that there is no equity in the property thus leaving the second tier of the test. This Court gives judicial notice to the large number of Chapter 13 filings which are initiated solely to save homesteads as well as judicial notice to the visceral perception by Debtors that retaining possession of their home is of vital importance. This Court is also aware of the conflict among bankruptcy courts between the equitable nature of the courts versus the judicial nature. *In re Markowitz Bldg. Co.*, 84 B.R. 484 (Bkrtcy.N.D.Ohio 1988) (Lack of equity by Debtor in property does not, in and of itself, require bankruptcy court to grant relief from stay); *(Matter of Pleasant Valley, Inc.*, 6 B.R. 13 (Bkrtcy. Nev.1980) (mere indispensability of the property to Debtor survival and high hopes is not enough). While the conflict between these two ideologies is compelling this Court is of the opinion that under the specific facts of this case that equity requires a denial of Bank's Motion to Lift Stay.

In analyzing the reasons Debtor filed this immediate Chapter 13 it is obvious that this filing was motivated for the sole purpose of saving a homestead. However, before this Court will confirm any Plan of Debtor Debtor must comply with the opinion of this Court as to what constitutes good faith in filing i.e. while this Court will allow in a 11 U.S.C. § 506(a) bifurcation of claims this Court will also require that Debtor make arrangements to pay in full the outstanding mortgage arrearages. If Debtor is able to successfully propose such a Plan, then this Court believes that the Bank's position will not be harmed and equity will be served; however, should Debtor fail to convince the Court of the good faith of his Plan at the confirmation hearing this Court will have no hesitancy in denying confirmation with prejudice to refile.

In keeping with the reasons given this Court is of the opinion that Bank's Motion to Lift Stay is hereby DENIED and Bank's

Motion to Dismiss Chapter 13 with prejudice is CONTINUED until the Debtor's confirmation hearing.